The opinion of the court was delivered by
Bermudez, O. J.
The appellant states her case substantially as follows:
Appellant applied by petition to be confirmed as natural tutrix of her minor child, Leah Arlaud, whom she alleges is without a tutor. Her petition was filed in the succession proceedings of Leon Arlaud, her deceased husband, and the facts therein contained are sworn to *549 by ber. Subsequently the • judge rendered a decree refusing to ■appoint her as prayed for, and she has sued out the present appeal. She claims that under Art. 250, R. O. 0., as surviving mother of said minor child, she is entitled to be confirmed as such, and that under Art. 950, R. C. P., she should have been appointed by the court to said trust.
The under tutor, who is appellee, has not opposed her appointment to said trust.
Appellant now prays that the judgment appealed from be reversed, and that she be confirmed as natural tutrix of her said minor child, and that letters of tutorship be ordered to issue to her as such.
The transcript contains no evidence, no bill of exceptions, no statement of facts, no assignment of errors.
The court is called upon to pass upon the issue presented, by considering the petition and the judge’s refusal.
In the absence of evidence, bill, statement of facts or assignment, the appeal might be dismissed, but it is preferable that it be not.
The petition does not allege that an inventory has been made of the minor’s property; that a certificate from the clerk showing that amount has been recorded in the mortgage book of the parish of the petitioner’s residence, and that the recorder’s certificate establishing the registry is annexed.
The provisions of law relied on are controlled by Art. 321, R. O. O., which is a new provision. It requires such a showing from tutors who are not bound to give bond (among whom fathers and mothers) before the judge can make any appointment, or authorize letters of tutorship to be issued. (See Act 95 of 1869, page 114, Sec. 2.)
The District Judge has assigned no reason for refusing to grant the prayer of the petitioner, which was “that she be confirmed as the natural tutrix of her said minor, that she be qualified as such on taking her oath and on complying with all the other legal requisites.”
It is only after the exigencies of the law have been observed that the appointment could be legally made and that letters could legally issue. -This compliance was a condition precedent.
We are left, to the inference that it is because the petitioner did not make a showing of previous compliance with legal requisites that the judge declined to grant her prayer.
Viewing the action of the District Judge as a dismissal for want of a proper showing, and not as a decree excluding the petitioner from *550 the tutorship of her daughter, we can not say that he erred. This court is powerless to grant that which the lower court could not allow.
Judgment affirmed.